IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRANDON WILLIAMS | * | |
| Plaintiff, | * | |
| | * | Case No. SAG-19-1938 |
| v. | * | |
| STATE OF MARYLAND OFFICE OF THE GOVERNOR, *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

I have reviewed the Motion to Dismiss Complaint filed by Defendants State of Maryland Office of the Governor and the Baltimore County Office of Child Support (collectively, "Defendants"), ECF 7, along with the Petition for Judgment filed by Plaintiff Brandon Williams, who appears *pro se*. ECF 9. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons addressed below, Defendants' Motion must be granted, and Mr. Williams's Petition must be denied.

Mr. Williams's Complaint seeks money damages in the amount of $100,000,000, along with "dismissal and discharge of all support orders." ECF 1 at 4-5. Essentially, his Complaint alleges constitutional and statutory violations by the Defendant state agencies, pertaining to their collection activities to enforce a child support order from a Maryland court. *Id.* at 3-4.

The Complaint must be dismissed for three distinct reasons, each of which are cited in the Defendants' Motion. ECF 7-1. First, the Eleventh Amendment of the United States Constitution bars suits seeking money damages in federal court against state agencies, without a valid

abrogation or waiver of sovereign immunity. *See Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in Federal Court."). Plaintiff's lawsuit, against two state agencies, is a suit against the State of Maryland, as the real party in interest. *See, e.g.*, *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) (stating that a suit against an official's office "is no different from a suit against the State itself"). The State of Maryland has not waived its sovereign immunity with respect to Plaintiff's claims, and accordingly his claims for monetary damages are barred by the Eleventh Amendment.[1]

Second, Mr. Williams's claims are also barred by Maryland's three-year statute of limitations. *See Bailey-El v. Hous. Auth. of Balt. City*, 686 F. App'x 228, 229 (4th Cir. 2017) (per curiam) (citing Md. Code An.., Cts. & Jud. Proc. § 5-101 (LexisNexis 2013)). According to Mr. Williams's Complaint, he knew of the garnishment of his wages to pay his child support obligations for well more than three years. ECF 1 at 3. In fact, Mr. Williams specifically protested garnishment actions in 2011 and 2014. *Id.*; ECF 1-1; ECF 1-5. Nevertheless, Mr. Williams did not file this action until 2019, well outside the three-year window.

Third, this Court lacks subject matter jurisdiction to grant Mr. Williams's request to invalidate his Maryland child custody order, because the alleged injury to him resulted from a state court judgment and cannot be challenged in federal court. *See, e.g.*, *Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (noting that federal courts lack jurisdiction over

---

[1] Mr. Williams argues, without citation to any case law, that "NO ONE is immune once they violate constitutional law." ECF 9 at 2. The governing precedent does not support that statement. Although there is a narrow exception to Eleventh Amendment immunity permitting a State official to be sued for prospective injunctive relief to address an ongoing constitutional violation, *see Ex parte Young,* 209 U.S. 123 (1908), Mr. Williams does not seek prospective injunctive relief in this case. He has only asked for money damages and dismissal of state court orders, and those two forms of relief are unavailable for the reasons addressed herein.

cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *see also Shooting Point, L.L.C. v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004) (noting a lack of jurisdiction where "if in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual" (quoting *Jordahl v. Democratic Party*, 122 F.3d 192, 199 (4th Cir. 1997))). Given that Mr. Williams expressly seeks "dismissal and discharge" of the support orders entered in state court, this Court lacks jurisdiction to address his claims. ECF 1 at 5.

For the reasons set forth above, Defendants' Motion to Dismiss, ECF 7, is granted and Plaintiff's Petition for Judgment, ECF 9, is denied. A separate Order follows.


Dated: October 24, 2019 　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　Stephanie A. Gallagher
　　　　　　　　　　　　　　　　　　　United States District Judge